IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ESTATE OF ROGER RUSHING, by and through
MARY RUSHING, EXECUTRIX                                                                                          PLAINTIFF

vs.                                                                          CIVIL ACTION NO. 2:22-cv-37-HSO-RHWR

LM GENERAL INSURANCE COMPANY; and
JOHN DOES 1-10; and
JANE DOES 1-10; and
ABC CORPORATIONS 1-10                                                                                          DEFENDANTS

## NOTICE OF REMOVAL

Defendant LM General Insurance Company (hereinafter "LM General" or "Defendant"), hereby files its Notice of Removal, removing this action from the Circuit Court of Walthall County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. In support thereof, Defendant would show as follows:

1. This is a civil action filed by Mary Rushing, as Executrix of the Estate of Roger Rushing, against LM General Insurance Company in the Circuit Court of Walthall County, Mississippi, bearing civil action no. 2022-25-T. LM General was served with process on March 4, 2022, and this case first became removable to this Court at that time.

2. This action filed by the Plaintiff against Defendant is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. More specifically, the Plaintiff's Complaint seeks $200,000.00 in uninsured motorist benefits plus punitive damages relating to her claim. The Plaintiff's claim for punitive damages alone is sufficient to satisfy the amount in controversy requirement for diversity jurisdiction. *See Allstate Ins. Co. v. Simpson,* 2018 WL 4054331, at *4 (S.D. Miss. 2018)(J. Ozerden), citing *Gentiva Certified Healthcare Corp. v. Rayborn*, 2016 WL 164322, at *3 (S.D. Miss. Jan. 13, 2016) (holding that the

requisite $75,000.00 jurisdictional amount compared to a potential $13,000.00 compensatory award is less than a 6 to 1 ratio, well within the "single digit ratio" which the Supreme Court suggests complies with due process)(citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)); *Steilberg v. Bradley,* 2016 WL 1455454 (S.D. Miss. 2016)("undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000")(quoting *Holmes v Citifancial Mortg. Co.*, 436 F.Supp.2d 829,832 (S.D. Miss. Mar. 29, 2011); *Colony Ins. Co. v. Ropers*, 2011 WL 1226095, at *3 (S.D. Miss. 2011)(J. Starrett)(holding "that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action being met"); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. 2008)(J. Lee)(unspecified claim for punitive damages sufficient to establish diversity jurisdiction); *Easterling v. Glaxo Welcome, Inc.*, 2006 WL 1272680, at *3 (S.D. Miss. 2006)(J. Lee)(same); *Brasell v. UnumProvident Corp.*, 2001 WL 1530342, at *2 (N.D.Miss. Oct. 25, 2001)(J. Davidson)(citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993)); *Chambley v. Employers Ins. of Wausau*, 11 F. Supp.2d 693, 695 (S.D. Miss. 1998)(J. Barbour)("Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits."); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.")(citing *Bell v Preferred Life Assurance Society*, 320 U.S. 238, 64 S. Ct. 5, 88 L. Ed. 15 (1943).

    3.    This action involves a controversy between citizens of different states:

    (a)    Defendant LM General Insurance Company is a corporation created and existing under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts.

2

(b)     Pursuant to 28 U.S.C. §1332 (c)(2), Plaintiff, Mary Rushing, as Executrix of the Estate of Roger Rushing, is deemed to be a citizen of the same state as the deceased, which is the State of Mississippi.

(c)     Pursuant to 28 U.S.C. § 1441 (b)(1), the fictitious defendants named in the Complaint as "John Does 1-10," "Jane Does 1-10," and "ABC Corporations 1-10" are disregarded for removal purposes.

(d)     Diversity of citizenship existed between the Plaintiff and Defendant at the time this case was commenced by the Plaintiff, at the time of service of process on Defendant, and at the time of this removal.

4.     The civil action filed by the Plaintiff in the Circuit Court of Walthall County, Mississippi, is one of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §1332.  Therefore, this action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441.

5.     The United States District Court for the Southern District of Mississippi and the Eastern Division of said Court are the District and Division embracing the place wherein the aforesaid state court action is pending.

6.     This Notice of Removal is being filed pursuant to 28 U.S.C. §1446(b) within thirty days of the date the Complaint was served upon Defendant.  Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit A** is a true and correct copy of all process, pleadings, and orders served on LM General in this action from which it may be ascertained that this case is one which is or has become removable to this Court in full compliance with the laws of the United States.  Pursuant to L.U.Civ.R. 5(b), attached hereto as **Exhibit B** is a true, correct and complete copy of the entire state court file as of the date of this filing.

7. LM General will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Clerk of the Circuit Court of Walthall County, Mississippi, as required by 28 U.S.C. §1446(e).

WHEREFORE, Defendant, LM General Insurance Company, requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Walthall County, Mississippi, be hereby stayed.

This the 1st day of April 2022.

                Respectfully submitted,

                LM GENERAL INSURANCE COMPANY

By:   */s/ Ford Bailey*
      Clifford K. (Ford) Bailey, III (MSB #1686)
      Its Attorney

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
fbailey@wellsmarble.com

## CERTIFICATE OF SERVICE

    I, Clifford K. (Ford) Bailey, III, do hereby certify that this Notice of Removal is being served electronically on counsel for the Plaintiff and the Circuit Clerk of Walthall County, Mississippi, as follows:

    Derek L. Hall, Esq.                             (via ECF)
    Megan E. Timbs, Esq.
    Cristina Sequeira, Esq.
    DEREK L. HALL, PC
    370 Towne Center Blvd.
    Ridgeland, MS 39157
    derek@dlhattorneys.com
    megan@dlhattorneys.com
    cristina@dlhattorneys.com

ATTORNEYS FOR PLAINTIFF

    Vernon E. Alford, Clerk                     (via MECF)
    Walthall County Circuit Court
    200 Ball Avenue
    Tylertown, MS 39667

CIRCUIT CLERK OF WALTHALL COUNTY

This the 1st day of April 2022.

                                                    */s/Ford Bailey*
                                                    Clifford K. (Ford) Bailey, III