IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ESTATE OF ROGER RUSHING,** *by and through Mary Rushing, Executrix*                                **PLAINTIFF**

v.                                                 Civil No. 2:22-cv-0037-HSO-BWR

**LM GENERAL INSURANCE
COMPANY; JOHN DOES 1-10;
JANE DOES 1-10; and
ABC CORPORATIONS 1-10**                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF ESTATE OF ROGER RUSHING'S MOTION [5] TO REMAND TO STATE COURT

BEFORE THE COURT is Plaintiff Estate of Roger Rushing's Motion [5] to Remand to State Court. Defendant LM General Insurance Company has filed a Response [10] in Opposition. Plaintiff has not filed a Reply, and the time to do so has now passed. Having considered the Motion [5], the parties' submissions, the record, and relevant legal authority, the Court finds that Plaintiff's Motion [5] should be denied.

### I. BACKGROUND

Plaintiff Estate of Roger Rushing ("Plaintiff") filed a Complaint [1-2] in the Circuit Court of Walthall County, Mississippi, on February 28, 2022, seeking damages for a variety of state-law tort and contract claims arising from an automobile collision. *See generally* Compl. [1-2]. Plaintiff asserts claims against Defendant LM General Insurance Company ("LM General") related to an insurance

1

policy Plaintiff had with LM General. *Id.* at 5. Plaintiff also raises claims against fictitious Defendants John Does 1-10, Jane Does 1-10, and ABC Corporations 1-10 (collectively "fictitious Defendants"). *Id.* at 3. On April 1, 2022, LM General filed a Notice of Removal [1] in this Court, invoking diversity jurisdiction. Not. [1] at 2-3.

Plaintiff filed a Motion [5] to Remand and a Memorandum [6] in Support on April 26, 2022, pointing to the presence of fictitious Defendants in the Complaint whose citizenship has not been alleged as evidence that LM General has not properly demonstrated the basis of the Court's subject-matter jurisdiction. Mem. [6] at 2. LM General has responded, arguing that the requirement to allege diverse citizenship of fictitious defendants applies when a plaintiff originally files a complaint in federal court but not to removal by defendants. Mem. [11] at 2-3. LM General cites to 28 U.S.C. § 1441(b) in support of its argument that the citizenship of the fictitious Defendants in this case should be ignored in determining whether diversity jurisdiction exists. *Id.* at 2. Plaintiff has not filed a reply, and the time for doing so has now expired. *See* May 16, 2022 Text Order (extending Plaintiff's time to file a reply to May 18, 2022).

## II. DISCUSSION

A.  Relevant legal authority

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28

U.S.C. § 1441(a)).  The removing party bears the burden of showing that subject-matter jurisdiction properly exists.  *Id.*

Pursuant to 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).  This statute requires complete diversity between all plaintiffs and all defendants.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  The party invoking the Court's jurisdiction must "*distinctly* and *affirmatively* allege[]" the citizenship of all parties to establish complete diversity.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988) (emphasis in original) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).  However, in cases of removal, "the citizenship of defendants sued under fictitious names shall be disregarded" when determining whether diversity jurisdiction exists.  28 U.S.C. § 1441(b); *Weaver v. Metropolitan Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019).

B.   Analysis

As the removing party, LM General must demonstrate the existence of subject-matter jurisdiction.  In the Notice of Removal [1], LM General contends that the Court has subject-matter jurisdiction on grounds of diversity jurisdiction.  Not. [1] at 1-3.  LM General must therefore prove that the amount-in-controversy and complete diversity requirements are satisfied.

Regarding the amount in controversy, LM General must establish the amount in controversy by a preponderance of the evidence. *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Courts look first to the "complaint to determine if it is facially apparent that the claim" exceeds $75,000.00, exclusive of costs and interest. *Id.* Plaintiff's Complaint [1-2] alleges that it is entitled to $200,000.00 in insurance coverage benefits from LM General. *See* Compl. [1-2] at 5, 11. Plaintiff also requests punitive damages and damages for "physical, mental and emotional injury and pain, and mental anguish." *Id.* at 13. "[I]t is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Steilberg v. Bradley*, 1:15-cv-269-LG-RHW, 2016 WL 1455454, at *2 (S.D. Miss. Apr. 12, 2016) (quoting *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006)); *Colony Ins. Co. v. Ropers of Hattiesburg, L.L.C.*, 2:11-cv-3-KS-MTP, 2011 WL 1226095, at *3 (S.D. Miss. Mar. 29, 2011); *Doss v. NPC Intern., Inc.*, 4:10-cv-17-SA-DAS, 2010 WL 1759153, at *6-7 (N.D. Miss. Apr. 29, 2010). Plaintiff has not challenged LM General's assertions regarding the amount in controversy. *See generally* Mot. [5]; Mem. [6]. Accordingly, in light of the damages sought by Plaintiff, the Court finds that LM General has carried its burden of showing that the amount in controversy requirement is satisfied.

LM General has also established that complete diversity of citizenship exists among the parties.  Plaintiff, as the legal representative of an estate, is a "citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).  Individuals are citizens of their state of domicile, *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019), and LM General has alleged that Roger Rushing was a citizen of Mississippi at the time of his death, Not. [1] at 3; *see also* Ex. [2-1] at 3 (probate document stating that Roger Rushing had "a fixed place of residence in Walthall County, Mississippi," at his death).  As a corporation, LM General is a citizen of its states of incorporation and principal place of business.  28 U.S.C. § 1332(c)(1).  LM General states that it "is a corporation created and existing under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts." Not. [1] at 2.  As a citizen of Illinois and Massachusetts, LM General is diverse from Plaintiff, a citizen of Mississippi.  The remaining Defendants in the case are all fictitious parties whose citizenship is ignored in determining whether diversity existed at the time of removal.  *See* 28 U.S.C. § 1441(b); *Weaver*, 939 F.3d at 623.  Accordingly, complete diversity exists among the parties.  LM General has satisfied its burden to establish the Court's subject-matter jurisdiction, and the Motion [5] to Remand should be denied.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

5

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Estate of Roger Rushing's Motion [5] to Remand is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of September, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE